UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GETTY PETROLEUM MARKETING, INC., and GREEN VALLEY OIL, LLC, ) ) ) ) Plaintiffs, ) ) v. ) ) 2211 REALTY, LLC, JAMES J. ) GRASSECHI, and EDWARD F. MARTIN, ) ) Defendants. ) ) | Civil Action No. 11-40003-FDS |

**MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION AND PURSUANT TO *COLORADO RIVER* ABSTENTION, AND MOTION TO DISMISS FOR IMPROPER VENUE, AND MOTION FOR VENUE TRANSFER**

**SAYLOR, J.**

This is a lawsuit brought by Getty Petroleum Marketing, Inc. and Green Valley Oil, LLC against 2211 Realty, LLC and its two members, James J. Grassechi and Edward F. Martin. Defendants have filed (1) a motion to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and pursuant to *Colorado River* abstention; and (2) a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3), or, in the alternative, to transfer venue under 28 U.S.C. § 1404(a). For the reasons set forth below, both motions will be denied.

**I.    Factual Background**

Plaintiffs Getty Petroleum Marketing, Inc. and Green Valley Oil, LLC filed this action against defendants 2211 Realty, LLC; James J. Grassechi; and Edward F. Martin. (Compl. ¶ 35-49). Getty is a Maryland corporation with its principal place of business in East Meadow, New York. (*Id.* at ¶ 1). Green Valley is a Pennsylvania limited liability company, and its sole

member is a resident of Pennsylvania. (*Id.* at ¶ 2). Defendant Martin resides in Douglas, Massachusetts, and Defendant Grassechi resides in Hubbardston, Massachusetts. (*Id.* at ¶ 3-4). 2211 Realty is a Rhode Island limited liability company, with Martin and Grassechi as its only members. (*Id.* at ¶ 5).

In September 2007, Getty and 2211 Realty entered into a Dealer Commission Contract for a gasoline service station located in Warwick, Rhode Island. (*Id.* at ¶ 8-9). The contract stated that Getty would be the station's sole gasoline provider. (*Id.* at ¶ 10). Under the contract, 2211 Realty was required to remit the gasoline sale proceeds to Getty on a daily basis. (*Id.* at ¶ 11). In exchange, Getty paid 2211 Realty a commission for each gallon the station sold. (*Id.* at ¶ 12).

As an incentive for entering into the Dealer Commission Contract, Getty agreed to make improvements to the gas station and to lend 2211 Realty money. (*Id.* at ¶ 13). Specifically, Getty paid $50,000 for branding changes and advanced 2211 Realty $250,000 for improvements to the facility. (*Id.*). In an Amortization Agreement, 2211 Realty agreed to reimburse Getty for the advance, and in the event that the agreement was terminated prior to its expiration term in 2016, 2211 Realty would be responsible in full for the remaining balance. (*Id.* at ¶ 11, 14).

Plaintiffs contend that sometime in 2009, 2211 Realty undertook a scheme to defraud Getty by deliberately underreporting gasoline deliveries and sales. (*Id.*). Plaintiffs contend that 2211 Realty, acting through Martin, falsified reconciliation reports by misrepresenting inventory levels, gallons sold, and receipts collected. (*Id.* at ¶ 22-22).

In March 2010, Getty assigned some of its dealer supply contracts to Green Valley, which included the Dealer Commission Contract with 2211 Realty. (*Id.* at ¶ 25). Plaintiffs

contend that 2211 Realty continued its fraud scheme, and specifically falsified reports on May 20, 2010, and June 26, 2010. (*Id.* at ¶ 27-28).

Green Valley sent written demands and notices of default to 2211 Realty, without result. (*Id.* at ¶ 31). On August 26, 2010, Green Valley filed written notice that the Dealer Commission Contract was terminated. (*Id.*).

The complaint asserts six counts: (1) breach of contract for non-payment; (2) breach of contract concerning the Amortization Agreement; (3) breach of contract concerning the Dealer Commission Contract; (4) conversion; (5) fraud; and (6) breach of guarantees. (*Id.* at ¶ 35-49).

## II. Procedural Background

This case was filed in this Court on January 5, 2011. On January 25, 2011 defendants filed a case in Rhode Island Superior Court against Getty and Green Valley and ARFA Enterprises, Inc., involving claims arising out of the same series of transactions. (*Id.* at 2; Def. Mem. 1). On February 17, 2011, Getty, Green Valley, and ARFA removed that action to federal court in Rhode Island.

On February 4, 2011, defendants moved to dismiss this case for lack of subject-matter jurisdiction under Rule 12(b)(1) and pursuant to *Colorado River* abstention. Defendants subsequently filed a motion to dismiss for improper venue under Rule 12(b)(3) or, in the alternative, to consolidate the proceedings by transferring this case to Rhode Island pursuant to 28 U.S.C. § 1404(a).

## III. Analysis

### A. Lack of Jurisdiction

Defendants contend that this Court lacks subject-matter jurisdiction because the parties

are not diverse. Specifically, they state that because 2211 Realty is a Rhode Island entity with a principal place of business in Massachusetts, and Green Valley, LLC is a Pennsylvania entity with a principal place of business in Rhode Island, there is not complete diversity. (Def. Mem. 2). This argument is clearly without merit.

Green Valley and 2211 Realty are limited liability companies, not corporations. For purposes of diversity jurisdiction under 28 U.S.C. § 1332, the citizenship of an LLC is based on the citizenship of its members. *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 53 (1st Cir. 2006); *JMTR Enterprises, L.L.C. v. Duchin*, 42 F. Supp. 2d 87, 93 (D. Mass. 1999). Thus, for purposes of diversity jurisdiction, Green Valley is a citizen of Pennsylvania, because its only member is domiciled in Pennsylvania. (Compl. ¶ 2). 2211 Realty is a citizen of Massachusetts because its only two members, Grassechi and Martin, are domiciled in Massachusetts. (Compl. ¶ 5). Therefore, there is complete diversity and subject-matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1).

### B. <u>Abstention</u>

Federal courts have a general duty to exercise their jurisdiction, and should only abstain from exercising that jurisdiction in extraordinary and narrow circumstances. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 816 (1976). In *Colorado River*, the Supreme Court stated that abstention is appropriate in three situations. *Id.* at 814-16. First, abstention is proper "in cases presenting a federal constitution issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." *Id.* at 814 (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 189 (1959)); *see Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941). Second, abstention is proper where a

federal court is presented with "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case at bar." *Colorado River*, 424 U.S. at 814; *see Burford v. Sun Oil*, 319 U.S. 315 (1943). Third, abstention is proper where "absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings; state nuisance proceedings antecedent to a criminal prosecution, which are directed at obtaining the closure of places exhibiting obscene films; or collection of state taxes." *Colorado River*, 424 U.S. at 816 (citations omitted); *see Younger v. Harris*, 401 U.S. 37 (1971). This case does not present any federal constitutional questions and does not involve a criminal proceeding, nuisance proceeding, or a tax collection. The question is thus whether it falls within the category of "difficult questions of state law bearing on policy problems of substantial public import."

The parties agree that Rhode Island law will most likely control in this case. But this is a business dispute that appears to present relatively simple issues of contract or tort law. Simply put, there is nothing about this case, at least in its present posture, that involves "difficult issues of state law," much less state law "bearing on policy problems of substantial public import whose importance transcends the result in [this] case." *Colorado River*, 424 U.S. at 814. Indeed, defendants fail even to suggest what unique questions of law might be raised by these claims, or what strong policy interest Rhode Island may have in the outcome of these claims. Where a case involves a straightforward application of state law, abstention is inappropriate. *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 11 (1st Cir. 2003) (quoting *Burns v. Walter*, 931 F.2d 140, 146 (1st Cir. 1991)). Defendants' motion to dismiss pursuant to *Colorado River* abstention will therefore be denied.

### C. Improper Venue

Defendants further contend that Massachusetts is an improper venue. Defendants, however, have waived their right to raise that defense, and, in any event, venue in this district is proper.

Fed. R. Civ. P. 12(h) requires that parties raise any of the following defenses in their *first* motion or they are deemed waived: (1) lack of personal jurisdiction; (2) improper venue; (3) insufficient process; and (4) insufficient service of process. Fed. R. Civ. P. 12(b)(2)-(5), (h). Because defendants previously raised a motion for lack of subject-matter jurisdiction that did not include a motion for improper venue, they have waived their right to raise this defense. *See id.*

In any event, venue in this district is proper under 28 U.S.C. § 1391. Although 2211 Realty contends that jurisdiction is proper in Rhode Island because a substantial part of the events occurred in Rhode Island, the presence of another possible venue does not make this venue any less proper. The relevant statute, 28 U.S.C. § 1391(a)(1), explicitly states that venue is proper in any district where the defendants live, provided they all reside in the same state. 28 U.S.C. § 1391(a)(1). This is exactly the case here. Defendants Grassechi and Martin are both citizens of Massachusetts, and because these defendants are the sole members of 2211 Realty, LLC, that defendant is also a citizen of Massachusetts. (Compl. ¶ 3-5). Because all the defendants reside in Massachusetts, venue is proper here.

### D. Transfer under § 1404(a)

Finally, defendants seek to transfer this case to Rhode Island pursuant to 28 U.S.C. § 1404(a) in order to consolidate these proceedings with the proceedings pending in federal court there. They contend that (1) this suit was an anticipatory filing by plaintiffs and therefore should

6

be exempt from the "first-filed" rule; and (2) the District of Rhode Island is a more convenient and proper forum.

### 1. <u>**Whether Rhode Island Is a Proper Venue**</u>

Before proceeding to an "individualized, case-by-case consideration of convenience and fairness," the explicit terms of the statute require the initial determination of whether this action could have properly been brought in the proposed transferee court. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation omitted).

Venue clearly would have been appropriate in the District of Rhode Island.[1] A substantial part of the events giving rise to the claim occurred in that district: the gas station is in Rhode Island, the agreements were signed in Rhode Island, and the alleged loss occurred in Rhode Island. Therefore, this action could have been properly brought in the District of Rhode Island in the first instance.

### 2. <u>**Whether the Balance of Convenience and Fairness Weighs in Favor of a Venue Transfer**</u>

The decision to transfer a case pursuant to § 1404(a) is a matter within the discretion of the district court. *Stewart Org.*, 487 U.S. at 29; *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737 (1st Cir. 1977). There is a strong presumption in favor of the plaintiff's choice of forum. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). Furthermore, where there are two

---

[1] The venue statute, 28 U.S.C. § 1391(a), provides as follows:

A civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

actions pending concerning the same subject matter, the "first-filed" rule normally gives preference to the first action filed. *Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987) ("Where identical actions are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred in a choice-of-venue decision."); *see Gulf Oil*, 330 U.S. at 508 (the "plaintiff's choice of forum should rarely be disturbed"). There are at least two exceptions to the "first-filed" rule. The first is where there are "special circumstances" justifying a transfer, such as where the party bringing the first-filed action engaged in misleading conduct in order to prevail in a pre-emptive "race to the courthouse." The second is where the balance of convenience substantially favors the second-filed action. *See Feinstein v. Brown*, 304 F. Supp. 2d 279, 283 (D.R.I. 2004); *Holmes Grp., Inc. v. Hamilton Beach/Proctor Silex*, 249 F. Supp. 2d 12, 16 (D. Mass. 2002); *Veryfine Prods., Inc. v. Phlo Corp.*, 124 F. Supp. 2d 16, 22-25 (D. Mass. 2000).

There is no dispute here that the Massachusetts action was filed twenty days prior to the Rhode Island action. The Court will therefore consider whether the Rhode Island action should be given priority based on either of the two exceptions to the general rule.

        a. **Anticipatory Filing**

The first-filed presumption may be overcome when "special circumstances" are present. *See, e.g.*, *Holmes Grp.*, 249 F. Supp. 2d at 16; *Nortek, Inc. v. Molnar*, 36 F. Supp. 2d 63, 69-70 (D.R.I. 1999). Special circumstances have been found to exist "where a party has won the race to the courthouse by misleading his opponent into staying his hand in anticipation of negotiation[,] or by reacting to notice of imminent filing by literally sprinting to the courthouse

8

the same day." *Veryfine*, 124 F. Supp. 2d at 22; *see also Holmes Grp.*, 249 F. Supp. 2d at 16.[2]

Here, defendants contend that the action initiated by plaintiffs was an anticipatory filing, and, therefore, the "first-filed" rule should not apply. (Def. Mem. 6-7, 13-14). Specifically, defendants argue that because plaintiffs issued a demand letter on January 5, 2011, and simultaneously commenced this action, this lawsuit was anticipatory. (*Id.*). However, as plaintiffs note, this was not their first demand letter. (Pl. Mem. 4-6). Plaintiffs actually waited approximately four months after they first made such a demand before pursuing litigation. (*Id.* at 5). Other courts have found that no anticipatory filing existed where there was a dramatically shorter period of time between the demand letter and the commencement of litigation. *See Holmes Grp.*, 249 F. Supp. 2d at 16-17 (holding that there was no anticipatory suit where suit was filed one month after the demand letter was sent); *GSI Lumonics, Inc. v. Biodiscovery, Inc.*, 112 F. Supp. 2d 99, 105 (D. Mass. 2000) (holding there was no anticipatory filing where suit was filed six weeks after the demand letter was sent). Because there was a substantial delay between when the plaintiffs first issued a demand letter and when they filed this lawsuit, this Court finds that this action is not an anticipatory filing requiring an exception to the "first-filed" rule.

### b. Balance of Convenience

The second exception to the "first-filed" rule is where "the defendant [can] show that its choice of forum is substantially more convenient than that chosen by the plaintiff." *Holmes Grp.*, 249 F. Supp. 2d at 17. "The burden of proof rests with the party seeking transfer; there is a strong presumption in favor of the plaintiff's choice of forum." *Coady v. Ashcraft & Gerel*, 223

---

[2] Some courts have framed the issue, at least in part, in terms of a public policy favoring the promotion of settlements. *See Nortek*, 36 F. Supp. 2d at 70 ("Where this Court has discretion, it will not reward conduct that undermines the sound policy of promoting settlements and negotiations outside the courthouse."); *see also Davox Corp. v. Digital Systems Int'l, Inc.*, 846 F. Supp. 144, 148 (D. Mass. 1993).

F.3d 1, 11 (1st Cir. 2000). That issue is to be determined on an individualized, case-by-case basis, in the sound discretion of the court. *See Stewart Org.*, 487 U.S. at 29 (1988).[3]

Here, the parties have both cited four factors that bear on the issue of the relative convenience of the two forums (1) the relative convenience of the parties; (2) the convenience of the witnesses and access to proof; (3) connection between the forum and the issues; and (4) the law to be applied. *See Holmes Grp.*, 249 F. Supp. 2d at 17 (citing factors). The Court will consider each factor in turn.

### (1) Convenience of the Parties

Defendants have not carried their burden of showing that Massachusetts is significantly more inconvenient for them than Rhode Island. Defendants Grassechi and Martin reside in Massachusetts, and 2211 Realty maintains its principal place of business in Worcester, Massachusetts. Providence and Worcester are relatively close to each other; indeed, they are only 40 miles apart. The distance between the two venues is negligible for these purposes. *See Transcanada Mktg., Ltd. v. Narragansett Elec. Co.*, 402 F. Supp. 2d 343, 353-54 (D. Mass. 2005); *see also Feinstein*, 304 F. Supp. 2d at 284. This factor clearly does not support a finding that Massachusetts is an inconvenient forum.

### (2) Convenience of the Witnesses and Access to Proof

The convenience of expected witnesses is "probably the most important factor, and the factor most frequently mentioned" in any analysis under § 1404(a). *Princess House, Inc. v.*

---

[3] In determining the relative convenience of the two options, the Court may look to cases arising under the common-law doctrine of *forum non conveniens* or the statutory provision for transfer of venue, 28 U.S.C. § 1404(a). *See, e.g., SW Industries v. Aetna Cas. & Sur. Co.*, 653 F. Supp. 631, 637 (D.R.I. 1987); *see also* 17 James Wm. Moore et al., Moore's Federal Practice ¶ 111.13 (3d ed. 1997) (citing factors under § 1404(a) and noting that those factors "are generally the same" as those considered under *forum non conveniens* doctrine).

*Lindsey*, 136 F.R.D. 16, 18 (D. Mass. 1991) (citations omitted). In considering this factor, the court must look at "the number of potential witnesses located in both the transferor and the transferee district, the nature and quality of their testimony, and whether the witnesses can be compelled to testify." *Id.* "A party seeking transfer on this basis must, therefore, specify the key witnesses to be called, accompanied by a general statement as to what their testimony will entail." *Id.* The convenience of potential witnesses clearly does not justify transfer of this action to Rhode Island.

Defendants made only a passing reference to the issue of witness convenience in their memorandum. Indeed, they simply stated, "defendants should not be required to bear the additional cost of bringing their witnesses, including those persons who heard Plaintiffs' slanderous allegations to Worcester when the distance from Warwick to Providence is markedly shorter. . . ." (Def. Mem. 21). Defendants thus do not indicate (1) the number of witnesses, (2) their identities, (3) their geographic location, or (4) the nature of their testimony. That is plainly not enough to justify a transfer. *See Lindsey*, 136 F.R.D. at 18.

Defendants also contend that evidence is more readily available in Rhode Island because the actual gas station at issue is located in Rhode Island. That factor, however, only has substantive weight where a viewing of the location is necessary. *See* 15 Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE 3D § 3854 at 297-98 (2007) and cases cited therein. As this case predominantly concerns contract and business tort allegations, there is at best a slight likelihood that a view will be necessary. This factor therefore does not weigh in favor of a venue transfer.

### (3) Connection Between the Forum and the Issues

Neither of the plaintiffs in this case are citizens of Massachusetts. Moreover, the events giving rise to this breach of contract claim all occurred at a gas station located in Warwick, Rhode Island. The contracts were signed and executed in Rhode Island. Where the forum has no obvious connection to the case or the plaintiff is a non-resident, a plaintiff's choice of forum should be given less weight. *United States ex rel. Ondis v. City of Woonsocket, Rhode Island*, 480 F. Supp. 2d 434 (D. Mass 2007) (quoting Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE 3D § 3848 at 134-39 (2007)); s*ee Pesmel N. Am., LLC v. Caraustar Industries, Inc.*, WL 4928034 (D. Mass 2010) (declining to issue a transfer of venue from Massachusetts to Georgia in part because contract was executed in Massachusetts).

However, defendants do have a substantial connection to Massachusetts. Defendants are all citizens of Massachusetts, and 2211 Realty's principal place of business is in Massachusetts. Therefore, there is a connection between the forum and the issues, although somewhat attenuated.

### (4) The Law to Be Applied

Both parties have stated that Rhode Island law will most likely apply to this action. Obviously, the United States District Court for the District of Rhode Island has more experience in applying Rhode Island law than this Court does. The fact that Rhode Island law will be applied slightly favors hearing the case in Rhode Island. However, this Court routinely applies the law of other states. *See, e.g.*, *Hipage Co. v. Access2Go, Inc.*, 589 F. Supp. 2d 602, 613 (E.D. Va. 2008) ("Even assuming that Virginia law would apply to the action in Illinois, the U.S. District Court for the Central District of Illinois is competent to apply Virginia law."); *Surgical Outcome Support, Inc. v. Plus Consulting, LLC*, 2008 U.S. Dist. LEXIS 65840, at *14 (S.D. Fla.

July 30, 2008) ("In the event that Florida choice of law rules mandate that Pennsylvania law should apply to this case, this Court is fully competent to apply Pennsylvania law."); *cf. Atlas Oil Co. v. Micro-Design, Inc.*, 2009 U.S. Dist. LEXIS 12134, at *12 (E.D. Mich. Feb. 17, 2009) ("Courts usually do not consider the application of foreign law to be an important factor in a § 1404 transfer analysis."). The First Circuit has found that factor insufficient even when the law to be applied is that of another country. *Nowak v. Tak How Invs.*, 94 F.3d 708, 720-21 (1st Cir. 1996) ("This concern is not sufficient to overcome the presumption in favor of plaintiffs' chosen forum. This Court has previously noted that the task of deciding foreign law is a chore federal courts must often perform.") (referring to Hong Kong law) (internal quotation and citations omitted).

Given the strong presumption in favor of plaintiff's choice of forum, defendants have failed to meet their burden of demonstrating that Rhode Island is a significantly more inconvenient forum. Because defendants have not established that this case was an anticipatory filing nor that convenience significantly favors a transfer to the District of Rhode Island, the "first-filed" rule applies. Therefore, because this case was filed before the Rhode Island proceeding, this Court will deny the motion to transfer.

**IV.   Conclusion**

For the foregoing reasons,

1. defendants' motion to dismiss for lack of subject-matter jurisdiction and pursuant to *Colorado River* abstention is DENIED; and

2. defendants' motion to dismiss for improper venue or, in the alternative, to transfer venue under § 1404(a) is DENIED.

13

**So Ordered.**

                                                                  /s/ F. Dennis Saylor
                                                                  F. Dennis Saylor IV
                                                                 United States District Judge

Dated: June 17, 2011